PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

CURLIE GREEN,

                    Petitioner,

                    Case # 16-CV-349-FPG

v.

                    DECISION AND ORDER

PAUL CHAPPIUS, JR.,

                    Respondent.
───────────────────────────────────────

## INTRODUCTION

Pro se Petitioner Curlie Green filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment of conviction entered on January 2, 2013, in New York State, Supreme Court, Erie County. Petitioner was convicted after a guilty plea of first degree rape, three counts of second degree robbery, and third degree robbery. He was sentenced to concurrent prison sentences of fifteen years, ten years, and three and one-half to seven years with twenty years of post-release supervision. ECF No. 11.

Petitioner claims that the trial court erroneously refused to suppress evidence seized from his home and an identification as unduly suggestive and to allow Petitioner to withdraw his plea. *Id.* Petitioner also claims that the trial court imposed an unduly harsh sentence, that his plea and waiver of the right to appeal were not knowing and voluntary, that trial counsel was ineffective for failing to timely apply for leave to appeal to the New York State Court of Appeals, and that New York Penal Law § 65 is unconstitutional. *Id.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.    Petitioner's State Court Appellate Proceedings

Petitioner, through counsel, filed a direct appeal from his conviction on the grounds that, *inter alia*, the waiver of the right to appeal was invalid, a motion to suppress physical evidence

1

was erroneously denied, a photo array was unduly suggestive, a motion to withdraw his guilty plea was erroneously denied, and the sentence was unduly harsh and excessive. ECF No. 11 at 2.

The New York State Supreme Court, Appellate Division, Fourth Department affirmed the conviction on November 14, 2014. *People v. Green*, 122 A.D.3d 1342 (4th Dep't 2014). Petitioner's motion to reargue was denied on February 15, 2015. *People v. Green*, 125 A.D.3d 1461 (4th Dep't 2015). Petitioner concedes that he did not seek leave to appeal to the New York Court of Appeals because he "thought it would be futile." ECF No. 21 at ¶ 10. Petitioner sought permission to file a late application for leave to appeal and the New York Court of Appeals dismissed it as untimely. *People v. Green*, 27 N.Y.3d 944 (2016).

## II. The Petition

To prevail under 28 U.S.C. § 2254, a petitioner seeking federal review of his conviction must first demonstrate that he has properly exhausted the claims raised. *See* 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *see, e.g.*, *Jordan v. LeFevre*, 206 F.3d 196, 198 (2d Cir. 2000).

In *Jordan*, the Second Circuit, in addressing only a single claim on appeal and dismissing the rest on procedural grounds, explained that "[a]rguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims." *Jordan*, 206 F.3d at 198. In rejecting without further discussion the petitioner's "other claims," the Second Circuit held that the other claims were controlled by *Grey v. Hoke*, 933 F.2d 117 (2d Cir. 1991).

> In *Grey*, the petitioner's application letter for leave to appeal to the New York Court of Appeals urged a single claim. Attached to the application was petitioner's brief to the Appellate Division that contained two other claims. The application letter made no mention of these two points. We held the application did not adequately present the

2

other claims to the state's highest court, and thus were barred from federal review since they were unexhausted and procedurally defaulted in state court.

*Jordan*, 206 F.3d at 198.

Here, Petitioner did not apply for leave to appeal to the New York Court of Appeals. Thus, this Petition presents an even stronger case than that regarding the "other claims" not discussed in *Jordan*. Because there was no letter to the Court of Appeals, there were no issues raised before that court. Thus, none of the claims presented in the Petition have been properly presented to the state's highest tribunal.

Further, while Petitioner candidly admits that he did not seek leave to appeal to the New York Court of Appeals because he considered the attempt to be "futile," even if counsel had been at fault for not applying for leave to appeal, this would not excuse Petitioner's failure. Because Petitioner has procedurally defaulted, he is not entitled to have his claims entertained in a federal habeas proceeding unless he can show "cause" for the default and actual "prejudice" resulting therefrom. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *DiGuglielmo v. Smith*, 366 F3d 130, 135 (2d Cir. 2004) ("A defendant in a criminal case has no constitutional right to counsel on a discretionary state appeal. Because [Petitioner] had no right of appeal to the New York Court of Appeals, his attorney's failure to assert his present claims to that Court was not a failure of constitutional dimension and hence cannot constitute cause.") (citations omitted).

Here, Petitioner made a conscious choice to forgo an application to the New York Court of Appeals. Moreover, the Court of Appeals denied Petitioner's request to file a late application.[1] *People v. Green*, 27 N.Y.3d 944 (2016).

---

[1] Petitioner's motion to file a late application for leave to appeal does not itself exhaust the issues raised therein, because Petitioner failed to comply with the state's rules on such an application. It was dismissed as untimely. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (The purposes of the exhaustion requirement would "be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it . . . it could hardly

3

Thus, Petitioner has not presented any of his issues to the state's highest court and has not properly exhausted any of the grounds presented in the Petition. *See Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) ("[T]he federal court must assess whether the petitioner properly exhausted those state remedies, *i.e.*, whether petitioner has fairly presented his or her claims to the state courts, such that the state court had a fair opportunity to act.") (internal citations, quotation marks and edits omitted). Accordingly, Petitioner's claims must be rejected and the Petition dismissed.

## CONCLUSION

The writ of habeas corpus Petition is DISMISSED and the Clerk of Court will close this case. Because Petitioner failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and that leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Petitioner should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: October 18, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

be said that, as comity and federalism require, the State had been given a fair opportunity to pass upon his claims.") (internal quotation marks and alterations omitted).