UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURLIE GREEN,

      Petitioner,

v.

PAUL CHAPPIUS, JR.,

      Respondent.

---

Case # 16-CV-349-FPG

DECISION AND ORDER

# INTRODUCTION

On February 6, 2019, pro se Petitioner Curlie Green moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Court's Order (ECF No. 26) that dismissed his Petition under 28 U.S.C. § 2254 for failure to exhaust his state court remedies. ECF No. 31.

Petitioner challenged the constitutionality of his custody pursuant to a judgment of conviction entered January 2, 2013, in New York State Supreme Court, Erie County. Petitioner was convicted after a guilty plea of Rape in the First Degree, three counts of Robbery in the Second Degree, and Robbery in the Third Degree. ECF No. 1. He was sentenced to 15 years in prison and 20 years of post-release supervision. ECF No. 11.

Petitioner, through counsel, filed a direct appeal from his conviction. ECF No. 11 at 2. The New York State Supreme Court, Appellate Division, Fourth Department affirmed the conviction on November 14, 2014. *People v. Green*, 122 A.D.3d 1342 (4th Dep't 2014). Petitioner's motion to reargue was denied on February 15, 2015. *People v. Green*, 125 A.D.3d 1461 (4th Dep't 2015). Petitioner did not seek leave to appeal to the New York Court of Appeals because he "thought it would be futile." ECF No. 21 ¶ 10. He sought permission pro se to file a late application for leave to appeal, which the Court of Appeals dismissed because it was untimely. *People v. Green*, 27 N.Y.3d 944 (2016). In his Petition before this Court, Petitioner argued, among

1

other things, that appellate counsel was ineffective for failing to file an application for leave to appeal to the Court of Appeals.  ECF No. 1.

## DISCUSSION

A petitioner seeking federal review of his conviction must first demonstrate that he has properly exhausted the claims raised.  28 U.S.C. § 2254(b)(1)(A).  To properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Jordan v. LeFevre*, 206 F.3d 196, 198 (2d Cir. 2000).

Here, the Court dismissed the Petition because Petitioner did not exhaust his state remedies and failed to show cause for the default and actual prejudice resulting therefrom.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986).  "A defendant in a criminal case has no constitutional right to counsel on a discretionary state appeal.  Because [Petitioner] had no right of appeal to the New York Court of Appeals, his attorney's failure to assert his present claims to that Court was not a failure of constitutional dimension and hence cannot constitute cause."  *DiGuglielmo v. Smith*, 366 F3d 130, 135 (2d Cir. 2004) (citations omitted).  *See* ECF No. 26 at 3.

Petitioner moves to vacate the Court's Order dismissing the Petition, largely because doing so "would reinstate the previously dismissed petition for habeas relief, opening the door for further proceedings seeking ultimately to vacate [his] unconstitutional plea deal conviction."  ECF No. 31 at 7.  Petitioner again argues that appellate counsel's failure to seek permission to appeal to the New York State Court of Appeals represents cause for his default.  Respondent points out that the Court already rejected this argument when it dismissed the Petition, and that "Petitioner has not set forth 'extraordinary circumstances' to justify the relief he seeks."  ECF No. 33 at 3.

Under Rule 60(b),  a court, in its discretion, can rescind or amend a final judgment or order.  Fed. R. Civ. P. 60(b).  "Such a motion is generally not favored and is properly granted only upon

a showing of exceptional circumstances. A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Kroemer v. Tantillo*, No. 17-3436, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (summary order). Where a motion for post-judgment relief merely seeks to relitigate issues already decided, it "plainly fail[s] to demonstrate the 'exceptional circumstances' that could merit the exercise of the district court's discretion to grant relief from its prior decision." *Id.* Accordingly, because Petitioner is attempting to relitigate issues already decided, his motion is denied.

## CONCLUSION

Petitioner's motion to set aside the Court's Order (ECF No. 31) is DENIED. Because Petitioner failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

IT IS SO ORDERED.

Dated: April 10, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court